IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VEOTIS MULDROW
ADC # 123054                                                                                   PLAINTIFF

V.             5:08CV00219 HDY (lead)
               5:08CV0220 HDY

ED ADAM, Captain, W.C. "Dub" Brassell Detention
Center; MAYS, Mrs., W.C. "Dub" Brassell
Detention Center; and HURST, Jail Administrator,
W.C. "Dub" Brassell Detention Center                                             DEFENDANTS

## ORDER

Plaintiff initiated this § 1983 action by filing two Complaints (which have been consolidated into this action) alleging various constitutional claims against officers of the Jefferson County detention facility, where he was incarcerated at the time of his filing. In an Order dated August 22, 2008, the Court granted Plaintiff leave to proceed *in forma pauperis* and cautioned him of his responsibilities under Local Rule 5.5(c)(2)[1] to keep the Court informed of any changes of his address and to prosecute his case diligently.

---

[1] Local Rule 5.5(c)(2): "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

On October 7, 2008 (docket entry #8) the Court ordered that Plaintiff's Complaint be served upon the Defendants, and they have filed their Answer. The parties have now consented to the exercise of jurisdiction by a United States Magistrate (docket entry #15), but before that Order was entered the undersigned made a Partial Recommendation to the district judge addressing Plaintiff's Motion for a Temporary Restraining Order (docket entry #12). Plaintiff filed an Objection to that Recommendation on November 14, 2008 (docket entry #17). This was the last communication that the Court had from Plaintiff.

The Scheduling Order (docket entry #23) setting the Evidentiary Hearing was returned as undeliverable on December 29, 2009 (docket entry #25). When it became apparent that Plaintiff was no longer at the W.C. "Dub" Brassell Detention Facility, the Court, in an abundance of caution, checked the available records of the Arkansas Department of Correction and located Plaintiff at the Cummins Unit. The Clerk of the Court then mailed copies of the two scheduling orders, docket entries ## 23 and 26, as well as copies of Defendants' Response to the scheduling orders, their Motion for an Extension of Time in which to file their dispositive motion, and the Court's Order granting that motion, to Plaintiff at the Cummins Unit on February 2, 2009. That correspondence has not been returned as undeliverable, but still the Court has received no response from Plaintiff. He has provided no witness list, has not responded to the Defendants' discovery requests, and has generally failed to prosecute his case in any fashion. The Defendants have now filed a Motion to Dismiss (docket entry #32), citing Plaintiff's failure to prosecute, which they certify was served on Plaintiff at the Cummins Unit of the Arkansas Department of Correction. This Motion was filed on February 20, 2009, and the time for filing of a response has elapsed.

Under the circumstances, the Court concludes that this case should therefore be dismissed,

without prejudice, due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (docket entry # 32) is GRANTED, and Plaintiff's claims be and they are hereby DISMISSED WITHOUT PREJUDICE. The presently scheduled evidentiary hearing for March 16, 2009 is cancelled.

DATED this   11   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE